IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CORDELIA O. NWONWU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:22-cv-03063-MDH |
| ) | |
| AMANDA WHEELER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Amanda Wheeler's ("Defendant Wheeler's") Motion to Dismiss or for More Definite Statement. (Doc. 12). Pro Se Plaintiff Cordelia O. Nwonwu ("Plaintiff") responded to Defendant Wheeler's Motion (Doc. 24) and Defendant Wheeler responded in turn. (Doc. 25). For reasons herein, Defendant's Motion to Dismiss for Failure to State a Claim or for More Definite Statement is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 29) is **MOOT**[1]. Defendant Wheeler's Motion to Stay Discovery (Doc. 30) is **MOOT**.

## BACKGROUND

Plaintiff filed three separate complaints against various defendants in the United States District Court for the District of Columbia. (Doc. 1). Due to lack of venue in the District of Columbia, Plaintiff's cases were transferred to the Western District of Missouri. (Doc. 3). Though unclear, Plaintiff appears to generally allege violation of various state and federal laws stemming

---

[1] This Court granted Plaintiff's initial Motion for Leave to Proceed in Forma Pauperis (Doc. 15).

1

from a 2019 foreclosure of a residence in Willow Springs, Missouri. (Doc. 1 at 1). Plaintiff's allegations about Defendant Wheeler's involvement in the alleged wrongful foreclosure remain vague. Plaintiff asserts Defendant conspired with Zachary Johnson, defendant in another of Plaintiff's suits. (Doc. 1 at 2). Plaintiff alleges Defendant Wheeler assisted Zachary Johnson in burglarizing Plaintiff's home. (Doc. 1 at 2). Plaintiff also appears to claim Defendant Wheeler is a notary and trustee for a loan Plaintiff received from Zachary Johnson. (Doc. 1 at ¶ 3.1). Plaintiff further contends Defendant Wheeler, "misrepresented himself/herself to the court as a licensed attorney when he does not have a license to practice law." (Doc. 1 at ¶ 8.5). Plaintiff claims, "Defendant [Wheeler] through the lender/bank dba Zachary S. Johnson demanded that Plaintiff [provide] her vehicle, a van, as implied as part mortgage payment as understood by Plaintiff." (Doc. 1 at ¶ 15.2.f). Plaintiff asserts Defendant Wheeler "enabled" Zachary Johnson, who continued "illegal debt collection without accounting for Plaintiff's car in his possession and Plaintiff's chapter 7 bankruptcy discharge of all her debts." (Doc. 1 at ¶ 15.2.f). Plaintiff appears to claim Defendant Wheeler assisted with the wrongful eviction because Plaintiff Wheeler had fallen in love with Plaintiff's "stuff" and "fantasized looting Plaintiff's property." (Doc. 1 at ¶¶ 15.2.f, 15.3.a). It appears Plaintiff intends to allege the following specific causes of action against Defendant Wheeler: 1) wrongful foreclosure; 2) violation of the Fair Debt Collection Practices Act ("FDCPA"); 3) violation of the Truth in Lending Act ("TILA"); 4) breach of contract; 5) violation of Federal Trust and Lien Laws; 6) slander of title; 7) slander of credit; 8) infliction of emotional distress. (Doc. 1 at 18-19).

## **STANDARD**

A complaint must contain factual allegations, when accepted as true, sufficient to state a claim of relief plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (*citing*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555)."Though pro se complaints are to be construed liberally…they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

## ANALYSIS

At the outset, this Court notes it is questionable whether any allegation in Plaintiff's complaint sufficiently implicates Defendant Wheeler so any harm is "fairly traceable" to any alleged action on the part of Defendant Wheeler. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (justiciability requires injury be "fairly traceable" to challenged action). As Defendant Wheeler's Motion declines to raise this argument, however, the Court will analyze the substance of each alleged count.

### I. Wrongful Foreclosure

Defendant Wheeler argues Plaintiff has generally failed to plead a *prima facie* case of wrongful foreclosure. (Doc. 20 at 4). Specifically, Defendant Wheeler argues Plaintiff has failed to

3

demonstrate she was not in default under the terms of a promissory note secured by a deed of trust, a requirement for *prima facie* wrongful foreclosure claims. (Doc. 20 at 4). A wrongful foreclosure tort action requires Plaintiffs show: "(1) the commencement of a foreclosure by sale (as distinguished from judicial action) of a deed of trust; (2) that at the time the foreclosure proceeding began, there was no default on the defendant's part that would give rise to a right to foreclose; so that (3) the foreclosure is absolutely void." *Union Bank v. Murphy*, No. 4:10-CV-00714-DGK, 2012 WL 4404372, at *8 (W.D. Mo. Sept. 24, 2012) (citations omitted). "A plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Dobson v. Mortg. Elec. Registration Sys./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Though unclear, it appears Plaintiff alleges the foreclosure occurred in June 2019. (Doc. 1 at ¶¶ 15.3, 15.4). Plaintiff asserts she made timely mortgage payments to lender Zachary Johnson only between January 2012 and December 2014. (Doc. 1 at ¶ 15.2). Plaintiff fails to plead she was not in default of any mortgage when the foreclosure proceedings appear to have started in June 2019. Accordingly, Plaintiff has failed to make a *prima facie* case of wrongful foreclosure[2].

## II. FDCPA Violations

Defendant Wheeler argues Plaintiff has generally failed to plead a *prima facie* FDCPA claim. (Doc. 20 at 5). Specifically, Defendant Wheeler argues Plaintiff has failed to allege Defendant

---

[2] Though Plaintiff appears to assert she received a Title 7 bankruptcy discharge of debts, case law is clear any Title 7 discharge does not apply to a lender's *in rem* rights to foreclose property. *See In re Pennington-Thurman*, 499 B.R. 329, 331 (B.A.P. 8th Cir. 2013), *aff'd*, 559 F. App'x 600 (8th Cir. 2014); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).

Wheeler is a debt collector within the meaning of the FDCPA statute. (Doc. 20 at 5). Plaintiff's complaint does not appear to specify under which provision of the FDCPA she intends to raise her claims. Generally, though, an FDCPA claim requires: "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by act or omission a provision of the FDCPA." *Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *2 (E.D. Mo. Jan. 4, 2017) (citations omitted). A creditor using its own name to collect its own debt fails to qualify as a debt collector for FDCPA purposes. *Duhart v. LRAA Collections*, 652 F. App'x 483, 484 (8th Cir. 2016). It remains difficult to discern Plaintiff's allegations about Defendant Wheeler's role in any efforts to collect debt. Plaintiff appears to assert Zachary Johnson loaned money to Plaintiff and Defendant Wheeler simply acted as a trustee and notary. (Doc. 1 at ¶ 3.1). The paragraphs of Plaintiff's complaint that deal specifically with FDCPA allegations altogether fail to reference Defendant Wheeler. (Doc. 1 at ¶¶ 2.1-2.9). Elsewhere Plaintiff alleges, "Defendant [Wheeler] continued illegal debt collection as an accomplice, aiding and abetting the lender/bank dba Zachary S. Johnson demanding Plaintiff pay even debts officially discharged from the bankruptcy court and using harassment tactics trespassing, invading, looting, and burglarizing Plaintiff's real and personal property." (Doc. 1 at ¶ 15.2e). The FDCPA statute defines "debt collector" as follows.

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C.A. § 1692a.

Though Plaintiff alleges conspiracy between Defendant Wheeler and lender Zachary Johnson, Plaintiff fails to assert Defendant Wheeler regularly engages in debt collection. (Doc. 1 at 2). To the limited extent Plaintiff makes any allegations about Defendant Wheeler's role in alleged events, those appear to remain limited to claims about Defendant Wheeler being a notary and

trustee. (Doc. 1 at ¶ 3.1). Plaintiff's claim that Defendant Wheeler aided and abetted Zachary Johnson's illegal debt collection amounts to only a conclusory statement void of any supporting facts. (Doc. 1 at ¶ 15.2e). Plaintiff's pleadings fail to establish Defendant Wheeler is a debt collector for FDCPA statute purposes.

### III. TILA Violations

Plaintiff argues Defendant Wheeler and Zachary Johnson, "violated the [TILA], Regulation Z, 12 CFR § 226.23, which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures." (Doc. 1 at ¶ 3.1). Plaintiff then alleges, "the original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." (Doc. 1 at ¶ 3.1). Plaintiff then appears to allege Defendant Wheeler conspired with Zachary Johnson to mislead the state court by executing an unlawful non-judicial foreclosure. (Doc. 1 at ¶ 3.1). Plaintiff also claims Defendant Wheeler and Zachary Johnson misrepresented themselves as licensed attorneys, when in in fact they are not. (Doc. 1 at ¶¶ 3.2, 3.5). Plaintiff offers no specific facts to support these claims. Defendant Wheeler interprets Plaintiff's claims to mean Defendant Wheeler violated the TILA by failing to notify Plaintiff of Plaintiff's right to rescind a home mortgage transaction. (Doc. 20 at 6). Defendant Wheeler then argues any rescission the regulation contemplates, fails to include the mortgage at issue in Plaintiff's complaint, because the regulation specifically excludes residential mortgage transactions. (Doc. 20 at 6).

Plaintiff's complaint leaves little doubt the transaction at issue is a residential mortgage. Plaintiff's complaint regularly describes the property as her "home" and references the debt as a "mortgage". (Doc. 1 at 1, 2, ¶¶ 15.1, 10.2). Plaintiff also alleges the "loan was to secure personal

6

Case 6:22-cv-03063-MDH   Document 31   Filed 11/21/22   Page 6 of 10

housing for the plaintiff and [her] family." (Doc. 1 at ¶ 10.3). Defendant Wheeler is correct that the regulation subsection Plaintiff cites specifically exempts from any right to rescind any residential mortgage transaction. 12 C.F.R. § 226.23(f)(1). To the extent Plaintiff attempts to allege Defendant Wheeler violated Plaintiff's right to rescind contemplated by 12 C.F.R. § 226.23(a), this Court finds the TILA granted Plaintiff no such right because of the nature of the transaction at issue. To the extent Plaintiff's complaint contemplates an alternative TILA violation, this Court finds Plaintiff's allegations merely conclusory, void of alleged facts sufficient to state a claim.

### IV.     Breach of Contract

Plaintiff appears to allege breach of contract. Specifically, Plaintiff claims, "[Plaintiff] was never provided a loan; the original debt was actually zero because [Plaintiff's] financial asset was exchanged for FED's promissory notes in an even exchange." (Doc. 1 at ¶ 13.2). Plaintiff also claims she, "purchased a home and obtained a mortgage loan from Zachary S. Johnson, in the approximate amount of $109,500.00." (Doc. 1 at ¶ 13.1). Plaintiff alleges she made regular payments on the mortgage only between January 2012 and December 2014. (Doc. 1 at ¶ 15.2). Plaintiff fails to allege she did not default. Defendant Wheeler argues Plaintiff, "failed to plead that she performed her obligations under the promissory note and deed of trust." (Doc. 20 at 7). "It is elementary that a party to a contract cannot claim its benefit where he is the first to violate it." *Tony Thornton Auction Serv., Inc. v. Quintis*, 760 S.W.2d 202, 204 (Mo. Ct. App. 1988). Plaintiff's own allegations make clear she failed to make payments on the mortgage in question, perhaps precluding a breach of contract claim. On the other hand, Plaintiff alleges Defendant Wheeler "continued illegal debt collection as an accomplice, aiding and abetting…Zachary Johnson demanding Plaintiff pay even debts officially discharged from the bankruptcy court and using

harassment tactics…" (Doc. 1 at ¶ 15.2.e). Plaintiff also alleges Defendant Wheeler worked with Zachary Johnson to acquire Plaintiff's vehicle in part payment of the mortgage balance, but the vehicle's value was never reflected in the mortgage balance. (Doc. 1 at 15.2.e). It is conceivable these allegations amount to an alleged contract breach on the part of Defendant as well.

## V. Federal Trust and Lien Laws Violation

Plaintiff claims Defendant Wheeler, "violated Federal Trust and Lien Laws when he/she signed as trustee without legal authorization." (Doc. 1 at 19). Defendant Wheeler argues that it remains unclear what laws Plaintiff refers to, failing to assert any claim for which relief may be granted. (Doc. 20 at 7). This Court agrees with Defendant Wheeler. Plaintiff's Count Five allegations are conclusory and state no cognizable right to relief.

## VI. Slander of Title

Plaintiff asserts Defendant Wheeler, "caused to be recorded various documents including a Notice of Trustee Sale which has impaired [Plaintiff's] title which constitutes slander of title." (Doc. 1 at 19). Defendant Wheeler argues Plaintiff has failed to allege Defendant Wheeler published anything with malice. (Doc. 20 at 8). A slander of title claim under Missouri law requires, "1) some interest in the property, 2) that the words published were false, 3) that the words were maliciously published, and 4) that [the Plaintiff] suffered pecuniary loss or injury as a result of the false statement." *Lau v. Pugh*, 299 S.W.3d 740, 748–49 (Mo. Ct. App. 2009) (citations omitted). Malice pleading in a slander of title action requires, "factual allegations sufficient to create a plausible claim that [a defendant] acted with a reckless disregard for the truth, despite a high degree of awareness of probable falsity. *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254,

1258 (8th Cir. 2013) (citations omitted). Plaintiff has failed to plead any facts indicating reckless disregard on the part of Defendant Wheeler.

VII. **Slander of Credit**

Plaintiff alleges, "the actions and inactions of the defendant [have] impaired her credit." (Doc. 1 at 19). Defendant Wheeler argues generally that Missouri courts treat slander of credit claims as defamation allegations and Plaintiff failed to plead a *prima facie* case. (Doc. 20 at 8). Defendant Wheeler is correct that Missouri courts analyze slander of credit allegations through a lens of defamation. *Glanzer v. Bank of Am., N.A.*, No. 14-0298-CV-W-REL, 2014 WL 6604788, at *11 (W.D. Mo. Nov. 20, 2014). "The elements of a defamation claim are (1) publication, (2) of a defamatory statement, (3) that identifies the claimant, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the plaintiff's reputation." *Glanzer v. Bank of Am., N.A.,* No. 14-0298-CV-W-REL, 2014 WL 6604788, at *11 (W.D. Mo. Nov. 20, 2014). Plaintiff simply claims Defendant Wheeler's actions and inactions have impaired her credit. (Doc. 1 at 19). Plaintiff offers no additional facts in support. Plaintiff's allegations under Count Seven are simply conclusory and fail to plead a *prima facie* defamation case.

VIII. **Infliction of Emotional Distress**

Plaintiff asserts, "the defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress." (Doc. 1 at 19). Plaintiff offers no additional facts in support of this claim. Defendant Wheeler argues generally Plaintiff has failed to plead a *prima facie* case of either negligent or intentional infliction of emotional distress. This Court agrees, finding Plaintiff's claims to be entirely conclusory, void of supporting factual allegations.

9

## CONCLUSION

For foregoing reasons Defendant Wheeler's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. This Court dismisses with prejudice Plaintiff's following claims against Defendant Wheeler: 1) wrongful foreclosure; 2) FDCPA violation; 3) TILA violation; 4) violation of Federal Trust and Lien Laws; 5) slander of title; 6) slander of credit; 7) infliction of emotional distress. Plaintiff is **ORDERED** to re-plead the breach of contract allegation in clear language with specific facts **no later than December 22, 2022**. Plaintiff is **FURTHER ORDERED** to clearly explain her allegations about the FED promissory note, the vehicle provided to Defendant Wheeler, and how these relate to Plaintiff's breach of contract claim.

**IT IS SO ORDERED.**

Dated: November 21, 2022 /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**